O. H. BARNES, APPELLANT, v. WILLIAM R. COX ET AL.,
APPELLEES.

FILED JUNE 8, 1899.    No. 8893

1. **Deeds: Rights of Third Persons.** An instrument transferring
property, even though recorded, cannot be given effect to the
prejudice of third parties who acquired rights in the property
before the actual delivery of the conveyance.

2. **Lien of Attachment.** An order of attachment becomes a lien on
the property attached only to the extent of the defendant's ac-
tual interest therein.

3. **Fraudulent Conveyance.** Evidence examined, and *held* to sustain
the finding of the trial court.

APPEAL from the district court of Pierce county.
Heard below before ROBINSON, J.   *Affirmed.*

*Powers & Hays, W. W. Quivey,* and *Benjamin Lindsay,*
for appellant.

*Robertson & Wigton, contra.*

SULLIVAN, J.

On March 17, 1890, O. H. Barnes sued William R. Cox
in the district court of Pierce county upon a judgment for
the sum of $1,650 recovered in the previous January in
one of the courts of the state of Texas.   The action was
aided by attachment, the writ being levied upon the north-
west quarter of section 31, and an undivided half of the
southeast quarter of section 29, in township 28 north,
range 4 west of the 6th P. M., in Pierce county.   In March,
1892, Barnes obtained judgment in the action and an or-
der for the sale of the attached property.   Under this
order the land in section 29 was sold to the plaintiff.
There were no bidders for the land in section 31.   After-
wards Barnes instituted this suit against the appellees,
alleging in his petition that there was of record in the
office of the county clerk of Pierce county a deed convey-

ing said land from William R. Cox to John L. Cox; that, although such deed was fraudulent and void as to creditors, it constituted a cloud upon the owner's title, deterred bidders, obstructed the sale, and hindered plaintiff in obtaining satisfaction of his judgment. John L. Cox answered, asserting ownership of the land, but denying that the conveyance by which he acquired title was made to hinder, delay, or defraud his grantor's creditors. He asked that his title to the entire tract upon which the attachment had been levied be quieted and confirmed in him. The trial resulted in a decree dismissing the petition and awarding the affirmative relief for which the answer prayed. The plaintiff brings the record here for review by appeal.

The evidence in the bill of exceptions would warrant the court in finding the following facts: In 1883 William R. Cox, who resides in the state of New York, visited Pierce county with his son, the defendant John L. Cox, and while there bought the land in section 29, taking the title to himself. The purchase price was $2,000. At the same time the son secured a timber claim, for which the father paid $1,000. The following year the elder Cox purchased the land in section 31, paying therefor the sum of $1,500. It was understood that the several tracts were purchased for the benefit of John L. Cox and that the title would be transferred to him as soon as he should repay to his father the money expended, together with interest thereon at the rate of six per cent. The son took immediate possession of the property, lived on it, improved part of it, paid the taxes, and received to his own use all of the profits. Between November 12, 1886, and May 4, 1888, Ida E. Cox, wife of John L. Cox, received from the executor of her father's estate $3,408.52, which sum was paid over to William R. Cox and by him credited on the indebtedness of his son. Mrs. Cox afterwards received from the same source something over $600, a considerable portion of which was paid to her father-in-law on account of the land transaction. In 1887 there was a

settlement between the father and son at the residence of
the latter in Pierce county, and it was then and there
agreed between them that the land had been fully paid
for and that the son was entitled to receive a deed. The
wife of William R. Cox being then in New York, a con-
veyance could not be immediately executed. Mr. Cox,
however, took with him when he returned home a Ne-
braska form of deed in which he wrote with pencil a de-
scription of the land in controversy. On March 20, 1888,
the deed was written out, signed, and acknowledged be-
fore a notary public in the state of New York, but was
not actually delivered until March 17, 1890. The attach-
ment was levied a few hours before the deed was deliv-
ered, but the instrument had been previously sent by the
grantor to the county clerk to be recorded, and had been
received by the clerk for that purpose on March 12, 1890.
It is contended by the defendants that the deed took
effect by relation from the time it was received by the
clerk for registration, and that, therefore, the legal title
was vested in John L. Cox prior to the levy of the attach-
ment. Such is not the law. The case of *Rogers v. Heads
Iron Foundry*, 51 Neb. 39, is decisive of the question, for
it was there held, after an elaborate review of the au-
thorities, that the doctrine of relation cannot be given
effect to the prejudice of third parties who acquired
rights in the property before the actual delivery of the
conveyance. But while it is true that the legal title was
in the attachment defendant at the time the writ was lev-
ied upon the land in dispute, it does not follow by any
means that the judgment should be reversed. The con-
clusion of the trial court is, we think, warranted by the
evidence. There are certainly some facts of considerable
weight, and a number of minor circumstances, from which
it might be fairly inferred that both of the tracts in ques-
tion were not embraced in the arrangements made be-
tween the father and son in 1883 and 1884, or if they
were so embraced, that there remained an unpaid balance
of the purchase price upon which the attachment became

a valid lien. But after a careful study of the entire evidence, keeping in view the interest of defendants' witnesses and the probable motive for making a fraudulent conveyance, we are disposed to think that the finding of the trial court is supported by a preponderance of the evidence. The judgment is

AFFIRMED.